## Application Checklist

Case Number: __4:23-mj-775__     ☐ *Check if emergency*

Type of application: *(check all that apply)*     ☐ *Standard Form (specify):* __AO106A__

| | |
|---|---|
| ☐ Criminal complaint<br>☐ Arrest warrant+<br>X Search/seizure warrant *(indicate type of search):* Physical Phone Analysis | ☐ Administrative inspection warrant<br>☐ Forfeiture<br>☐ Other (specify):_____ |

All fields in warrants must be populated: ie: date; city and state; judge's name and title; date the search warrant expires.

### Sworn to

X by      ☐ in person     telephone: use form AO 106A (Application for a Warrant by telephone); and supporting affidavit must indicate that it was sworn to telephonically

### Offense specified: *(check all that apply)*

☐ Drugs              ☐ Fraud                    ☐ Weapons             ☐ Immigration
☐ Sex offenses       ☐ Theft                    Kidnapping            ☐ Tax
☐ Extortion/Racketeering   ☐ Fugitive/Escape/Supervised release   ☐ Computer crime
☐ Terrorism          Other (specify): _Hobbs Act_____

### Sealing request:        Delayed notice request ☐

Duration:     ☐ 30 days     ☐ 90 days     ☐ 180 days*     ☐ Other_____

*Note: no application will be sealed for more than 180 days without a statutory reference or compelling circumstance; proposed order must include the duration. **The Court will not sign any proposed orders that do not include the duration.**

Grounds:     ☐ endangering life or physical safety of individual         flight from prosecution
             ☐ evidence destruction/tampering                              ☐ witness intimidation
              otherwise seriously jeopardizing investigation or unduly delaying trial

             ☐ Initial request     ☐ Previous extensions (# and date) _____

Has this application been previously submitted for consideration?     ☐ Yes     X No

Date_____     Action Taken_____     Judge_____

---

Agent's name: _____Heather Everett_____     Phone#: (832)491-6053_____

I certify that the attached has been reviewed for compliance with Rules 3, 4, 4.1, and/or 41 of the Federal Rules of Criminal Procedure and that the standard approved form has not been changed.

AUSA Signature: ____/S/ Jill Stotts_____     Phone#: 832-474-3304_____

Printed Name: _____Jill Jenkins Stotts_____

Form 1 - Application Checklist
Approved 3/29/2019

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

April 19, 2023

Nathan Ochsner, Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
A rose gold Apple iPhone with front and rear cracked glass, bearing IMEI# 354898097952328

Case No. **4:23-mj-775**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Southern___ District of ___Texas___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1951(a) and 2 | Aiding and Abetting Interference with Commerce by Robbery |
| 18 USC 924(c)(1)(A)(ii) and 2 | Aiding and Abetting Brandishing of Firearm During and in Relation to Crime of Violence |

The application is based on these facts:

See Attachments A and B

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of ___ days *(give exact ending date if more than 30 days: ___)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Heather Everett, TFO for the ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___Sworn to telephonically___ *(specify reliable electronic means)*.

Date: April 19, 2023

City and state: Houston, TX

*Judge's signature*

Hon. Peter Bray U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br>Rose Gold Apple iPhone, IMEI#<br>354898097952328 | Case No. __4:23-mj-775__ |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Heather Everett, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to locate and identify any information, which is described in Attachment B, on the electronic and cellular devices which are described in Attachment A.

2. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereafter "ATF") and a Detective with the Houston Police Department (hereafter "HPD") and have been employed by HPD since October 2012. During my employment with HPD and the ATF, I have trained in investigations relating to violations of the United States Federal Criminal Code, including Title 18 of the United States Code (hereafter "USC"), specifically criminal violations involving organized crime, kidnapping, and interference with commerce by threats or violence, and extortions. I am currently assigned to the Crime Gun Strike Force. My primary investigative responsibilities include crimes occurring within the United States District for the Southern District of Texas.

3. Upon joining the HPD, I received approximately 6 months of training at the HPD Academy in Houston, Texas. This training provided a broad range of subjects that grounded me

in the fundamentals of law, ethics, behavioral science, interviewing and interrogation methods, report writing, basic and advanced investigative and intelligence techniques, and forensic science. In addition, I received training focused specifically on writing search warrant affidavits. This training provided me with the knowledge and understanding on how to properly draft and format such legal documents.

4. During my law enforcement career, I have investigated criminal matters relating to robberies of individuals, carjackings, commercial business robberies, violent fugitives, home invasions, and drug and weapons trafficking. Through these investigations as well as my previous training, I have become familiar with the patterns of activity regarding robbery suspects and the methods they employ to plan, coordinate, and conduct robberies. Consequently, I am familiar with the ways in which suspects utilize cellular telephones to coordinate these activities. Suspects often communicate using both voice calls and message applications prior to, during, and after the execution of a robbery. This allows them to communicate and coordinate the surveillance and execution of the robbery between multiple suspects. Suspects will take photographs of the robbery location and then send those photographs to other suspects involved with the robbery. Suspects will send locations with coordinates for co-conspirators to follow. Suspects often take photographs of the stolen currency or property and then communicate with a fence to sell the stolen property. Suspects will also utilize GPS to coordinate routes to and from the robberies they commit.

5. The purpose of applying for this warrant is to seek an order authorizing the search of all electronics and cellular devices described in Attachment A.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that the electronics and cellular devices described in Attachment A will contain evidence of violations of 18 U.S.C. §§ 1951 Interference with Commerce by Robbery.

## PROBABLE CAUSE

7. Your Affiant was assigned to investigate an aggravated robbery targeting Blaze Pizza, in which two African American males enter the store, each armed with a gun, demanding the contents to cash registers and or safes located on the premises. Your Affiant received the following information:

8. On March 27, 2023 at approximately 1646 hours two UNKNOWN SUBJECTS (hereinafter UNSUBS) entered the Blaze Pizza at 9650 Westheimer Rd, in Houston, Harris County, Texas within the Southern District of Texas. UNSUB #1 is armed with a long gun and demands cash. UNSUB #2 is armed with a pistol and stands at the door as a lookout. This incident is documented under Houston Police Department incident report #433195-23, and the incident report was written by Houston Police Officer J.SIMON (hereinafter SIMON), who Affiant finds credible and reliable.

9. Affiant learned through this investigation that on March 27, 2023, Complainant M. VILLANUEVA-MONDRAGON (hereinafter VILLANUEVA), was employed with and working at the Blaze Pizza, located at 9650 Westheimer Rd, Houston, Harris County, Texas on the evening of the robbery. Affiant additionally reviewed surveillance video of this incident and found the video to match that of VILLANUEVA'S statements. Affiant learned that VILLANUEVA was working her shift at the Blaze Pizza when two black male subjects entered the business.

3

10. SUBJECT #1, was described as a black male, approximately 20-25 years of age, wearing a white over gray hooded Nike Jacket tied tightly around his face, black Nike sweatpants, black Nike Air Force Ones, wearing a backpack that read "Backwoods Dark Stout" in bold lettering. SUBJECT #2 was described as a black male, approximately 20-25 years of age, wearing a black puffer style winter jacket, neon green face mask, black ripped jeans, and distinct black slip-on shoes.

11. SUBJECT #1 removed a black and wood grain Draco rifle from his backpack, pointed it at VILLANUEVA and demanded the cash from the safe and registers. SUBJECT #2 displayed a semi-automatic handgun and stood at the door, holding it open while looking out for police and citizen witnesses. Both subjects fled with approximately $220 in US Currency.

12. Affiant spoke to Officer C. Jarboe (hereafter JARBOE), a certified peace officer in the State of Texas and a credible and reliable person. JARBOE informed Affiant that he obtained high quality surveillance footage from "Baubles & Beads", a store located at 9650 Westheimer, Houston, Harris County, Texas that depicted both SUBJECT #1 and SUBJECT #2 arriving from and fleeing towards the apartment complex located at 9545 Ella Lee Ln, Houston, Harris County, Texas. JARBOE further informed Affiant that the owner of "Baubles & Beads", Cindy Ho, informed him that she has seen the same males on multiple occasions near her business and has always observed them coming from 9545 Ella Lee Ln.

13. Your Affiant was assigned an additional aggravated robbery targeting Taco Bell restaurant, in which two African American males enter the store, armed with a firearm and demanded the money from the cash register.

14. On March 29, 2023 at approximately 2137 hours two UNKNOWN SUBJECTS (hereinafter UNSUBS) entered the Taco Bell, at 9601 Westheimer Rd, in Houston, Harris

County, Texas within the Southern District of Texas. UNSUB #1 is armed with a black semi-automatic gun and demands cash. UNSUB #2 is with UNSUB #1, participating in the demands for cash. This incident is documented under Houston Police Department incident report #445462-23, and the incident report was written by Houston Police Officer K. Winningham (hereinafter WINNINGHAM), who Affiant finds credible and reliable.

15. Affiant learned through this investigation that on March 29, 2023, Complainant J. Jenkins (hereafter JENKINS), was employed with and working at the Taco Bell, located at 9601 Westheimer Rd, Houston, Harris County, Texas on the night of the robbery. Affiant additionally reviewed surveillance video of this incident and found the video to match that of JENKINS statements. Affiant learned that JENKINS was working his shift at the Taco Bell when two black male subjects entered the business.

16. SUBJECT #1 was described as a black male, approximately 17-21 years of age, wearing a light weight black puffer style jacket, blue and yellow shorts, and black Nike Air Force ones, with his face exposed. SUBJECT #2 was described as a black male, approximately 17-19 years of age, wearing a heavier black puffer jacket, black ripped jeans, and black tennis shoes.

17. SUBJECT #1 displayed a black semi-automatic pistol and demanded the money from the cash register, while SUBJECT #2 was participating in the demands and acting as a lookout for police and citizen witnesses. Both subjects fled with approximately $110 in US Currency towards the direction of the apartment complex located at 9545 Ella Lee Ln.

18. Affiant compared both locations of where the robberies occurred and learned they were across the street from one another. Affiant additionally compared both surveillance videos

and found the suspects to be the same based off description and same clothing worn during both robberies.

19. Affiant spoke with JARBOE who informed Affiant that he met with the employees working in the leasing office at 9545 Ella Lee Ln in an attempt to retrieve surveillance footage from the complex in an effort to identify the unknown subjects. JARBOE showed the leasing employees videos he obtained from Blaze Pizza to help them locate the suspects on their own surveillance system. JARBOE informed Affiant that the leasing agents told him that they recognized the UNSUBS as two brothers being associated with unit #462.

20. JARBOE informed Affiant that he returned to his office and conducted research via the HPD RMS reporting database for individuals associated with 9545 Ella Lee Ln #462, and located HPD Incident report #717454-21, which had the names CATALON, Javondrick, a black male, DOB 1/10/2002, and CATALON, Traylon, a black male, DOB 6/9/2003. JARBOE reviewed recent mugshot photographs of both CATALON, Javondrick and CATALON, Traylon, and found that both match the physical description of the UNSUBS that committed these robberies. Additionally, Affiant reviewed the photographs of both and found that CATALON, Javondrick matches that of SUBJECT #1, who left his face fully exposed during the Taco Bell Robbery. Both CATALON, Javondrick and CATALON, Traylon were found to have outstanding warrants for Burglary of a Motor Vehicle in Harris County.

21. On 3/30/23, JARBOE informed Affiant that he and members of his squad were conducting surveillance at the apartment complex located at 9545 Ella Lee Ln, in an effort to gather additional intelligence. JARBOE informed Affiant that Officer R. Cox (hereafter COX), a certified peace officer in the state of Texas and a credible and reliable person, was inside the parking lot of the complex in an unmarked capacity when he observed CATALON, Javondrick

and CATALON, Traylon walking through the complex. CATALON, Javondrick was wearing the same white and gray hooded jacket that was worn during the Blaze Pizza robbery. CATALON, Traylon was wearing the same black puffer style winter jacket as worn during both the Blaze Pizza and Taco Bell robberies. CATALON, Traylon was additionally wearing the same unique black slip-on shoes that were worn during the Blaze Pizza robbery.

22. On 4/4/23, JARBOE and others members of the HPD Midwest Crime Suppression Team identified CATALON, Javondrick and CATALON, Traylon for their outstanding Burglary Motor Vehicle warrants, after they exited their apartment located at 9545 Ella Lee Ln #462.

23. During the arrest of CATALON, Javondrick, he was wearing the same white/gray windbreaker jacket and "Backwoods Dark Stout" backpack as worn during the Blaze Pizza Robbery. Officers additionally located the black and wood grain Draco rifle inside the backpack.

24. During the arrest of CATALON, Traylon, he was wearing he same black puffer style winter jacket that was worn during both the Blaze Pizza and Taco Bell robberies. CATALON, Traylon was found to be in possession of a black semi-automatic Glock 9mm with extended magazine. Also during arrest, a rose gold Apple iPhone with cracked front and back glass, bearing IMEI# 354898097952328, was located in CATALON, Traylons back left pocket.

25. Affiant obtained a search warrant for the residence of CATALON, Javondrick and CATALON, Traylon and during the search subsequently located additional clothing worn during the Blaze Pizza and Taco Bell robberies.

7

26. Therefore based upon Affiant's training and experience and the facts set forth in this affidavit, Affiant believes that fruits of the crime, evidence of a crime, or illegally possessed items will be located on the electronic and cellular devices listed in Attachment A to include a cellphone.

27. In my training and experience, your Affiant has learned that participants in commercial business robberies often spend multiple hours or even days conducting surveillance of possible robbery locations. This includes watching specific individuals, number of employees within a business, etc. Affiant knows the use of cellular and electronic devices are used to communicate and research specific robbery locations. Affiant knows through training and experience that electronic devices allow suspect to search news articles, watch surveillance videos released to the media, and learn about investigative updates.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. The warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule (41(e)(2)(B).

18. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant being sought would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scan of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

19. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the device as described in Attachment A and Attachment B.

Respectfully submitted,

_____
Heather Everett
Task Force Officer, ATF

SUBSCRIBED TO AND SWORN TELEPHONICALLY ON April 19, 2023, AND I FIND PROBABLE CAUSE.

_____
Hon. Peter Bray
United States Magistrate Judge
Southern District of Texas

DENIED. I do not find probable cause. There is no evidence that either suspect used a phone to coordinate or execute the robberies. Because the suspects live together, and because the robberies took place near their home, it is not clear that they would fit the profile of those robbery suspects who often use phones to plan and coordinate their robberies.

Signed at Houston, Texas on April 19, 2023.

Peter Bray
United States Magistrate Judge

## ATTACHMENT A

### Items to be searched:

1. A rose gold Apple iPhone with front and rear cracked glass, bearing IMEI# 354898097952328

## ATTACHMENT B

## INFORMATION TO BE SEIZED

1. Any photographs, video files, text or multimedia messages (SMS and MMS), call history or call logs, and contact information, including but not limited to phone numbers stored in the telephones and devices contained within Attachment A.

2. Any and all communications previously received or transmitted, or prepared in contemplation of transmission, including electronic mail or data associated with electronic bulletin board systems, stored on any of the electronic media named above. All electronic communications, including those previously received or transmitted, or held in temporary, intermediate storage incident to transmission, documents, and materials, including those used to facilitate previously received, transmitted, or stored, or prepared in contemplation of transmission, including electronic mail or data associated with electronic bulletin board systems, whether stored on any of the electronic media named above or held in temporary, intermediate storage incident to transmission to the individuals or premises with the scope of this application.

3. Such electronic data in the form of electronic records, documents, and materials, including those used to facilitate communication.

4. "Hidden," erased, compressed, password-protected, or encrypted files.

5. Various file "directories" and the individual files they contain, recently deleted data; scanning storage area for deliberately hidden files.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>1. A rose gold Apple iPhone with front and rear cracked glass, bearing IMEI# 354898097952328 | )<br>)<br>) Case No. **4:23-mj-775**<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Southern    District of    Texas
*(identify the person or describe the property to be searched and give its location)*:
See Attachment A; A rose gold Apple iPhone with front and rear cracked glass, bearing IMEI# 354898097952328 Stored in Houston Police Department Property Room, 1201 Washington, Houston, TX.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before     May 1, 2023     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     any United States Magistrate Judge     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of ____

Date and time issued:    April 19, 2023, at 1:36 pm                *Peter Bray*
                                                                                                    *Judge's signature*

City and state:    Houston, Texas                     Hon. Peter Bray, United States Magistrate Judge
                                                                                      *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>**4:23-mj-775** | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |